# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Robino Cottagedale, LLC, | : Case No. 11-10949 |
| | : |
| Debtor. | : |
| | : |
| Robino Cottagedale, LLC, | : |
| | : |
| Plaintiff, | : Adv. Pro. No. 11-____ |
| | : |
| v. | : |
| | : |
| Wilmington Savings Fund Society, FSB, | : |
| | : |
| Defendant. | : |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

In support of its complaint for declaratory and injunctive relief, Plaintiff Robino Cottagedale, LLC ("Cottagedale") alleges:

## INTRODUCTION

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

2. Venue of the above-captioned case and adversary proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. This is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b).

## PARTIES

4. Cottagedale is a Delaware limited liability company with a primary address of 6 Larch Avenue, Suite 301, Wilmington, Delaware 19804.

5. Defendant Wilmington Savings Fund Society, FSB ("Defendant") is a Federal savings bank with an address of 500 Delaware Avenue, Wilmington, Delaware 19801.

## **GENERAL ALLEGATIONS**

6. Cottagedale is engaged in the business of developing real property for residential use.

7. Specifically, Cottagedale is presently developing the Arbors at Cottagedale (the "Arbors"), a multiple-family rental development consisting of one hundred sixty-eight (168) apartments.

8. The Arbors is located on an eighteen (18)-acre plot in Lewes & Rehoboth Hundred, Sussex County, Delaware (near the intersection of Plantation and Shady Roads off McKenzie Way).

9. The Arbors is the first project under Sussex County's Moderately Priced Rental Program, a program that aims to stimulate affordable rental housing for the county's working citizens.

10. The Arbors is located on a brownfield known as Jackson Pit. Accordingly, in connection with the project, Cottagedale negotiated a Brownfields Voluntary Cleanup Program with the Department of Natural Resources and Environmental Control for the State of Delaware.

11. In furtherance of the Arbors project, Cottagedale obtained project financing from Defendant.

12. Incident to two commercial loans extended by Defendant to Cottagedale on September 15, 2004 (the "Closing Date") in the maximum principal aggregate amount of seven million two hundred fifty thousand and 00/100 dollars ($7,250,000.00) (the "Loan"), Cottagedale executed, among other loan documents, a non-revolving promissory note in the sum of five

million four hundred thousand and 00/100 dollars (the "Acquisition Note") and a revolving promissory note in the sum of up to one million eight hundred fifty thousand and 00/100 dollars ($1,850,000.00) (the "Construction Note"), each in favor of Defendant as of the Closing Date (the Acquisition Note and the Construction Note are together referred to herein as the "Note," individually and collectively).

13. The Loan was made and advanced pursuant to the terms of a Construction Loan Agreement dated as of the Closing Date by and between Cottagedale and Defendant (the "Loan Agreement").

14. The Note is secured by, among other things, (i) a Mortgage and Security Agreement from Cottagedale to Defendant dated as of the Closing Date on that certain piece or parcel of real property located in Sussex County, Delaware where the Arbors project is located, as more particularly described therein, and all buildings and improvements thereon (the "Property"), recorded in the Office of the Recorder of Deeds in and for Sussex County, Delaware in Mortgage Book 7045, Page 99 (the "Cottagedale Mortgage"); (ii) a Security Agreement between Cottagedale and Defendant dated as of the Closing Date granting to Defendant a first lien security interest in the property described therein (the "Security Agreement"), perfected by the filing of financing statements (a) naming Cottagedale as debtor and Defendant as secured party and (b) identifying all assets of Cottagedale described in the Cottagedale Mortgage and the Security Agreement; and (iii) an Assignment of Agreements Affecting Real Property from Cottagedale to Defendant dated as of the Closing Date with respect to the Property, recorded in the Office of the Recorder of Deeds in and for Sussex County, Delaware in Mortgage Book 7045, page 123.

15. The Loan is guaranteed by Paul A. Robino, Jeanie C. Robino, Mark A. Robino, Jennifer Robino, Charles Robino, Valerie Robino, and Michael A. Stortini, each in their individual capacities, and by Frank Robino Companies LLC (individually and collectively, the "Guarantors") pursuant to a Guaranty Agreement dated as of the Closing Date from Guarantors to Defendant.

16. The Defendant agreed to further modify the Loan Agreement by, among other things, extending the maturity of the Loan to June 1, 2007 in consideration of receipt of additional collateral from Robino-Bay Court Pad, LLC ("Pad"), a Delaware limited liability company that is affiliated with Cottagedale and is party to a pending chapter 11 case before this Court (Case No. 10-12377 (CSS)), and Defendant to secure the Loan. This agreement is memorialized in that certain Loan Modification Agreement dated February 28, 2007 among the parties hereto. Thus, by a Mortgage and Security Agreement from Cottagedale to Defendant dated as of February 28, 2007, Pad executed a mortgage on certain of its real property consisting of a pad site approved for construction of a convenience store, known as 650 Bay Road, City of Dover, Delaware (the "Pad Mortgage") in order to secure the Loan. The Pad Mortgage is recorded in the Office of the Recorder of Deeds in and for Kent County, State of Delaware.

17. Also on February 28, 2007, Cottagedale executed an Account Pledge and Security Agreement which established a certificate of deposit account (the "Pledged Account" funded by cash infusion by the members of the Debtor, to secure the indebtedness evidenced by the Note (collectively, the "Account Pledge and Security Agreement"). The Loan Documents were modified by Forbearance Agreements dated June 28, 2007, January 30, 2009 April 24, 2009 and February 25, 2010 by which Defendant agreed to forbear from exercising its right to enforce the Loan Documents to April 1, 2010, and imposed certain other obligations on the parties

(collectively, the "Forbearance Agreements") and a Loan Modification Agreement dated April 1, 2010 which changed the terms of the Note.

18. The Note, Loan Agreement, Cottagedale Mortgage, Pad Mortgage, Account Pledge and Security Agreement, Security Agreement, Guaranty, Collateral Assignment, Financing Statements, Forbearance Agreements, Loan Modification Agreement and all other documents executed or delivered by Borrower, Guarantors and/or Affiliate in connection with the Loan, as modified by this Agreement, are hereinafter referred to individually and collectively as the "Loan Documents."

19. By a Loan Modification Agreement effective December 1, 2010, the Maturity Date of the Loan was extended to March 1, 2011 in exchange for, *inter alia*, the Borrower's agreement to certain changes to the Loan Documents.

20. By letter dated on or about March 1, 2011, Defendant communicated to Cottagedale its position that Cottagedale had defaulted on its obligations under the Loan Documents. Specifically, Defendant maintained that, *inter alia*, the March 1, 2011 Maturity Date passed without Cottagedale repaying the Loan as provided for under the terms of the amended and restated Note that was executed in connection with the Loan Modification Agreement.

21. On March 31, 2011 (the "Petition Date"), Cottagedale filed the voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") (11 U.S.C. §§ 101 *et seq.*) which initiated the above-captioned case.

22. Upon information and belief, as of the Petition Date, the outstanding amount owed with respect to the Acquisition Note was $2,852,393.18.

23. Upon information and belief, as of the Petition Date, the outstanding amount owed with respect to the Construction Note was $1,268,657.19.

24. Cottagedale commenced the above-captioned case to effectuate an orderly sale of substantially all of its assets related to the Arbors project (the "Assets") and, by extension, to maximize realizable value for its creditor constituencies.

25. To that end, an entity interested in purchasing Cottagedale's assets (the "Potential Purchaser") is in the process of obtaining a Commitment to Insure from the United States Department of Housing and Urban Development incident to its planned bid for the Assets.

26. The Potential Purchaser's planned bid is in the amount of $7.65 million, an amount sufficient to pay the obligations owed by Cottagedale to Defendant in full.

27. In order to facilitate its planned sale process in the above-captioned case, Cottagedale needs to obtain access to a portion of the funds in the Pledged Account.

28. Based upon information and belief, the certificate of deposit related to the Pledged Account has matured.

29. Based upon information and belief, as of December 16, 2010 the value of the funds available to be withdrawn from the Pledged Account totaled $1,267,063.93.

**COUNT I – DECLARATORY JUDGMENT THAT THE FUNDS IN THE PLEDGED ACCOUNT CONSTITUTE PROPERTY OF THE DEBTOR'S ESTATE AND THAT THE AUTOMATIC STAY PREVENTS DEFENDANT FROM TAKING, SWEEPING OR OTHERWISE FORECLOSING UPON THE PLEDGED ACCOUNT AND/OR THE FUNDS CONTAINED THEREIN**

30. Paragraphs 1 through 29 of this Complaint are incorporated herein.

31. The Pledged Account and the funds contained therein constitute property of the Debtor's bankruptcy estate under 11 U.S.C. § 541.

32. Absent further order of this Court issued after notice and a hearing, the automatic stay under 11 U.S.C. § 362 prevents Defendant from taking, sweeping or otherwise foreclosing upon the Pledged Account and/or the funds contained therein.

WHEREFORE Cottagedale requests that this Court declare that the funds in the Pledged Account constitute property of the Debtor's bankruptcy estate under 11 U.S.C. § 541 and, absent further order of this Court issued after notice and a hearing, the automatic stay under 11 U.S.C. § 362 prevents Defendant from taking, sweeping or otherwise foreclosing upon the funds in the pledged account.

### COUNT II – INJUNCTION PREVENTING DEFENDANT FROM EXERCISING ANY RIGHTS UNDER THE LOAN DOCUMENTS WITH RESPECT TO THE PLEDGED ACCOUNT AND/OR THE FUNDS CONTAINED THEREIN BASED UPON AN ALLEGED PRE-PETITION DEFAULT

33. Paragraphs 1 through 32 of this Complaint are incorporated herein.

34. Cottagedale has a reasonable probability of success on its claim for declaratory relief.

35. The Debtor's access to the Pledged Account and the funds contained therein for use as cash collateral are essential to the Debtor's sale efforts.

36. Absent access to the Pledged Account and the funds contained therein, the Debtor will suffer immediate and irreparable harm, as there is a substantial risk that the Debtor will lose the Arbors project and, by extension, the value available to the Debtor's creditors by means of a sale of the project.

37. There is no harm to the Defendant if an injunction against taking, sweeping or otherwise foreclosing upon the funds in the pledged account is enforced because Agreement of Purchase and Sale Agreement dated December 10, 2010 by and between the Debtor and

Schaffner Holdings, LLC ("Schaffner") adequately protect Defendant's interest in being repaid on the Loan.

38.  Granting the injunction is in the public interest, given that (i) the Arbors project is designed to provide a certain number of affordable rental units to the surrounding community, (ii) a brownfield is being remediated as part of the project, and (iii) failure to grant the injunction risks the loss of the aforementioned public benefits.

WHEREFORE Cottagedale requests that this Court enjoin Defendant from exercising any rights under the Loan Documents with respect to the Pledged Account and/or the funds contained therein based upon an alleged pre-petition default.

Dated: March 31, 2011
Wilmington, Delaware

CIARDI CIARDI & ASTIN

Shannon D. Leight (No. 4115)
919 Market Street, Suite 700
Wilmington, DE 19803
Telephone: (302) 658-1100
Facsimile: (302) 658-1300
sleight@ciardilaw.com

-and-

Albert A. Ciardi, III
Thomas D. Bielli
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103
Tel:  (215) 557-3550
Fax:  (215) 557-3551
aciardi@ciardilaw.com

*Counsel to Robino Cottagedale, LLC*